■ In the Matter of MICHAEL LAKES et al., Appellants, v VILLAGE OF SPRING VALLEY et al., Respondents. [962 NYS2d 300]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of the respondent Village Board of Trustees of the Village of Spring Valley, which allegedly abolished certain laborer positions in the Village of Spring Valley, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated November 11, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

As set forth in our decision on the companion appeal (*see Matter of Chandler v Village of Spring Val.*, 104 AD3d 847 [2013] [decided herewith]), the three individual petitioners were removed from their laborer positions with the respondent Village of Spring Valley on August 10, 2010, by Resolution No. 519 of 2010 of the Village Board of Trustees of the Village of Spring Valley (hereinafter the Village Board). In the instant proceeding, the petitioners allege, in effect, that, sometime later, the Village Board improperly, and in bad faith, abolished their respective laborer positions. The Supreme Court denied the petition and dismissed the proceeding on the ground that the proceeding was barred by the doctrine of res judicata. We affirm, albeit on a different ground. Neither the resolutions identified by the petitioners nor anything else in the record before us establishes that the petitioners' laborer positions were abolished by the Village Board. Accordingly, the petition should have been denied, and the proceeding dismissed, on the merits. Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.